IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-119-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| JOSE ARMANDO SILIEZAR-SEVILLA, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of the Raleigh resident-in-charge of Immigration and Customs Enforcement ("ICE"). Defendant presented the testimony of the proposed third-party custodian, a friend of the family. Both parties also introduced exhibits. In addition, the court reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required. The government's motion is therefore GRANTED.

## **Background**

Defendant was charged in a three-count indictment on 18 June 2014 with: alien registry fraud on or about 2 July 2010 in violation of 18 U.S.C. § 1015(a) in that he falsely answered three questions on a Form I-821, Application for Temporary Protected Status ("TPS Application"), relating to his criminal record (ct. 1); fraud and misuse of visas, permits, and other documents on or about 7 July 2010 in violation of 18 U.S.C. § 1546(a) in that he falsely

answered two questions in a TPS Application relating to his prior deportation (ct. 2); and reentry of a removed alien on or about 3 June 2014 in violation of 8 U.S.C. §1326(a) & (b)(2) (ct. 3). The evidence presented at the hearing showed that in 1994 defendant was convicted in California of felonious possession of controlled substances for sale involving a firearm, an aggravated felony. Although a citizen of Honduras, defendant informed authorities that he was a citizen of Mexico, ostensibly, in part, to facilitate illegal reentry into the United States, and he was deported to Mexico in 1995. He illegally reentered the United States three days later. He stayed in California until at least 1997 and then moved to Benson, North Carolina, where he has lived ever since. Defendant has worked as a pastor at a church in Benson since 2000. Before that, he was a construction worker.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the pendency of an ICE detainer against defendant; the prospect defendant faces of removal from the United States after service of a term of imprisonment; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's acquiescence for years in defendant's unlawful presence in the United States and the extent of the risk of flight presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the evidence favoring detention outweighs such evidence. For example, defendant points to his apparent abandonment of the type of criminal conduct that underlay his 1995 drug conviction and turn to community service as a pastor. But with respect to his immigration status, the record, including specifically

his false statements in the relatively recent 2010 TPS Application, shows that defendant continues to disregard the law for his own benefit as he did when he lied about being a Mexican in or around 1995 and illegally reentered the United States within three days of his deportation in 1995.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 8th day of September 2014.

_____
James E. Gates
United States Magistrate Judge